MONCURE, P.,
delivered the opinion of the court.
This was an action of assumpsit, brought by the plaintiff in error, Joseph M. Terry, in February, 1872. against the defendant in error, Charles Ragsdale, survivor of himself and Daniel C. Ragsdale, deceased, late partners under the firm and style of D. C. & Charles Ragsdale. In the declaration it is stated, that in May, 1863, the said firm was indebted to the plaintiff in the sum of $10,000, for money lent, paid, had and received, and found due on an account stated; and being so indebted, promised to pay the said debt on demand; yet the said firm, although often requested, did not, nor did either of them, pay the said debt or any part thereof to the plaintiff during the lifetime of the said Daniel C. Ragsdale, nor has the said surviving partner, Charles Ragsdale, paid the same or any part thereof to the said plaintiff since the death of the said Daniel C. Ragsdale, although often requested so to do. The defendant plead non assumpsit to the action; to which plea the plaintiff replied generally. And the general issue being thus joined in the case, the same was tried by a jury, which found a verdict for the defendant on the 7th day of November, 1872. Whereupon the plaintiff moved the court to set aside the said ’'-‘verdict and grant him a new trial; which motion the court, after taking time to consider the same, sustained. On the trial of the cause the plaintiff tendered to the court two bills of exceptions to opinions given by the court, which were signed and sealed and made part of the record.
On the second trial of the cause.which occurred on the 11th and 12th days of November, 1873, the jury again found a verdict for the defendant. Whereupon the plaintiff moved the court to set aside the said verdict and grant him a new trial; which motion the court, after taking time to consider the same, overruled and rendered judgment for the defendant, to-wit: on the 14th day of November, 1873. On the said second trial of the cause the plaintiff tendered to the court four bills of exceptions to opinions given by the court, which were signed, sealed and made a part of the record.
The first matter for enquiry in this case is: Whether the circuit court erred in granting a new trial, and in not rendering judgment according to the first verdict?
Two bills of exceptions, as we have seen, were taken to the action of the court in the course of the first trial. Let us now examine, consider and decide upon these two bills, in their order.
In the first it is stated, that the plaintiff, having offered testimony tending to prove a bank check and an endorsement thereon in the words and figures, viz:
“Pittsylvania C. H., May 25th, 1863.
“$10,000.
“Bank of Pittsylvania, pay to the order of D. C. & Charles Ragsdale ten thousand dollars.
“Jos. M. Terry.
“Endorsed:
“D. C. & Chas. Ragsdale.”'
*And having offered evidence tending to show that Daniel C. Ragsdale, who purports to have made the said endorsement, drew the amount of the said check out of the Bank of Pittsylvania; that no testimony was offered by the defendant to prove that, at the time of drawing said check, the plaintiff owed said Ragsdale anything; that in the month of May, 1864, a settlement was made between the firm of Ragsdale & Co., composed of said D. C. and C. Ragsdale, in which Charles Ragsdale fell in debt to the plaintiff a considerable amount, and the plaintiff fell in debt to Ragsdale & Co. a small amount, which was deducted from the amount due from Charles Ragsdale to the plaintiff, the plaintiff moved the court to instruct the jury that if they believed that the facts aforesaid are proved, they ought to infer that said check was evidence that the amount thereof was loaned by plaintiff to-said D. C. & C. Ragsdale, and not of the-payment of any debt due them. But the-court refused to give said instruction; to which ruling said exception was taken.
The court is of opinion that the circuit-court did not err in refusing to give the said instruction. The check is prima facie evidence that the drawer, at the time it was drawn, was indebted to the payees in the amount of the check on an indebtedness previously existing, or created at the time the check was drawn. There is no plainer, nor better settled principle of law than that. There is nothing stated in the said first bill of exceptions which tends to repel that presumption. It follows therefore that the court, properly refused to give the said instruction.
In the second of the said two bills, it is stated that, after the jury had rendered their verdict in this cause, the plaintiff moved the court to set aside the same and grant him a new trial, for the following reasons, viz:
*lst. That the court had not allowed the plaintiff Terry to testify in his
own behalf, and had thereby deprived him of his most important testimony, the plaintiff’s counsel stating that, feeling confident that his own evidence should legally be admitted, he did not prepare himself with the evidence which he could have procured, to show that the $10,000 check was a loan by the plaintiff to the defendant, and not a payment of a debt, and was thus taken by surprise.
2d. That Charles Ragsdale was admitted as a witness to testify against D. C. Rags-dale, and was called by the counsel of said Terry and not objected to by defendant, while the plaintiff was excluded as a witness.
3d. That the court refused to allow the plaintiff to file interrogatories to Charles Ragsdale after the jury had been sworn and before the introduction of C. Ragsdale, although the deposition of said Ragsdale- *466 was accessible, from which he could refresh his memory on the points mentioned in said interrogatories.
4th. Because the verdict was contrary to the evidence. And the court having sustained the plaintiff's motion for a new trial, certified that the following are all the facts proved before the jury at the trial, viz: A check for $10,000, dated May 35th, 1863, signed by the plaintiff and endorsed by D. C. and Charles Ragsdale, in the words and figures following, viz: (see the same hereinbe-fore inserted); that D. C. Ragsdale drew the money on said check; that D. C. Ragsdale managed the financial part of the firm business of Ragsdale & Co. exclusively; that said firm consisted of D. C. and Charles Rags-dale; that D. C. Ragsdale frequently borrowed money for the firm without consulting Charles Ragsdale; that Charles Ragsdale was frequently ignorant of the fact that D. C. Ragsdale had contracted a loan for the firm; that Charles Ragsdale never heard of D. C. Ragsdale bor-. rowing $10,000 from *the plaintiff; that Charles-Ragsdale did not know what use the firm had for $10,000; that all the books and papers of the firm are in the possession of Charles Ragsdale, who since the death of D. C. Ragsdale has examined them carefully and can find no evidence of plaintiff being indebted to said firm at the time the said check was given, or that the said firm was indebted to the plaintiff; that in March, 1864, the plaintiff and Charles Ragsdale had a settlement of accounts between themselves and between the plaintiff and the aforesaid firm, at which settlement the papers of said Terry relating to the said settlement were produced, and no mention was made of said check, nor was any account taken of it; that in said settlement, Charles Ragsdale owed th.e plaintiff $3,500 or $3,000, and the plaintiff owed D. C. Rags-dale & Co. $700 or $800; that the amount due from the plaintiff to the firm was deducted from the amount due from C. Rags-dale to the plaintiff, and that C. Ragsdale settled with the plaintiff for the balance; that C. Ragsdale never knew of the existence of the check until two years before the trial of this suit; that the names of D. C. and Charles Ragsdale endorsed on said check,are in the handwriting of .D. C. Ragsdale, as is the body of said check; that D. C. Ragsdale kept the books of the firm as long as he lived, since which time Charles Ragsdale has had possession of them, and that the said firm of Ragsdale & Co. expired by limitation on 1st January, 1863, and was continued to wind up the business; and these being all the facts proved on the. trial, the court sustained the plaintiff’s motion and granted vhim a new trial, on the ground that the court had erred ip permitting Charles Ragsdale to testify as a witness before the jury, and that the jury may have, been misled by his testimony, to which ruling of the court the defendant excepted.
*The court is of opinion that the circuit court erred in sustaining the plaintiff’s motion to set aside the first verdict of the jury and grant him a new trial in the case; and that instead of doing so, the said circuit court ought to have overruled the said motion and rendered judgment on the. said verdict in favor of the defendant.
The check for ten thousand dollars, given' by the plaintiff Terry to D. C. Ragsdale on the 35th day of May, 1863, on the Bank of Pittsylvania, payable to the order of D. C. & Charles Ragsdale and endorsed by D. C. Ragsdale in the name of D. C. & Charles Ragsdale, implies that it was given in payment of a debt due by said Terry to said D. C. & Charles Ragsdale, or for money loaned by the latter to the former at the time of the execution of the said check; and though such implication can be repelled by evidence that the said check was not so given, but was in fact given as a loan by the said Terry to the said D. C. & Charles Ragsdale. Such evidence, however, being in conflict with the apparent purport of the transaction, ought to be very strong to repel the said implication and to establish the contrary fact.
Certainly the facts certified to have been proved on the first trial can have no such effect. The facts so certified are hereinbe-fore set out. The said facts if they do not tend to confirm the implication of the check as aforesaid, certainly do not tend to repel the same. The check was given on the 35th of May, 1863. when Confederate notes, which were of very little value, was the only currency of the country. This action was not brought until after the death of D. C. Rags-dale, nor until February, 1873, nearly nine years after the date of the check. Charles Ragsdale knew nothing of the check, and had heard nothing about it until two years before the action was brought. In-*March, 1864, the plaintiff and Charles Ragsdale had a settlement of accounts between themselves, and between the plain'tiff and the aforesaid firm, at which settlement the papers of said Terry relating to the subject of the settlement were produced, and no mention was made of said check! Nor was any account taken of it!
If at the time of that'settlement Charles Ragsdale, or the firm of D. C. & Charles Ragsdale, had been indebted to said Terry in the amount of said check, or any material part of it, would not said Terry have then mentioned it to said Charles? and claimed that the $700 or $800 then found to be due by said Terry to said firm, should be credited upon the amount due upon the said check, instead of the amount then found to be due by said Charles Ragsdale to said Terry?
The ground on which the circuit court set aside the first verdict of the jury was, that the said “court had erred in permitting Charles Ragsdale to testify as a witness before the jury, and that the jury may have been misled by his testimony.” The conclusive answer to this ground is, that Charles Ragsdale was so permitted to testify at the instance of the plaintiff, who cannot, therefore. object to the competency of the said testimony, and the plaintiff was not thereby rendered a competent witness in the case. *467 The plaintiff was rendered an incompetent witness in the case by the death of D. C. Ragsdale, one of the chief actors in the transaction and the only one on his side, who could not testify and the plaintiff therefore could not testify in the case.
The court being of opinion that the circuit court erred in setting aside the first verdict rendered by the jury in favor of the defendant, and in not overruling the plaintiff’s motion to set aside that verdict, and not rendering a judgment in conformity with that verdict; and the court being fur-tiler of opinion that the said *circuit court, in deciding and rendering judgment in favor of the defendant on the second trial, arrived at precisely the same result as if it had decided and rendered judgment in favor of the defendant on the first trial: it is therefore unnecessary to enquire now if the said court erred in rendering the judgment which it did render on the second verdict, considered without reference to the action of the court on the first verdict; but without doing so. it is sufficient and only necessary for this court to affirm the judgment of the circuit court to which the writ of error was awarded in this case; which is therefore accordingly done.
Judgment affirmed.